UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LINDA BRENDA VAZQUEZ,

    Plaintiff,

v.                                            Case No. 1:18-cv-97-MW/MJF

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before this court is the "Commissioner's Unopposed Motion for Entry of Judgment with Remand of the Cause to the Commissioner." (Doc. 24). Defendant has certified that Plaintiff has no objection to this motion. For the reason set forth below, the undersigned respectfully recommends that this unopposed motion be granted and that the case be reversed and remanded.[1]

Plaintiff initiated this action by filing a complaint, pursuant to 42 U.S.C. § 405(g), to seek judicial review of the Defendant's denial of Plaintiff's claim for benefits. Title 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods, which are commonly referred to

---

[1] This case has been referred to the undersigned pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of the Local Rules for the U.S. District Court of the Northern District of Florida, which relate to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401 *et. seq.*

as "sentence four" and "sentence six" remands. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the instant case, the Commissioner states that remand is appropriate to enable an Administrative Law Judge to:

> re-evaluate the medical evidence of record, specifically considering the medical opinion evidence in accordance with the Commissioner's regulations. The commissioner should give further consideration to the claimant's maximum residual functional capacity, and if warranted, obtain supplemental evidence form a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base, and issue a new decision.

(Doc. 24). Based upon the foregoing, the undersigned concludes that good cause has been shown for reversal and remand.

Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. The "Commissioner's Unopposed Motion for Entry of Judgment with Remand of the Cause to the Commissioner" (Doc. 24) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2. This case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

4. The clerk of the court be directed to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The clerk of the court be directed to administratively close this file.

At Panama City, Florida, this <u>18th</u> day of January 2019.

                          /s/ *Michael J. Frank*
                          **Michael J. Frank**
                          **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.