# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

LINDA BRENDA VAZQUEZ,

    Plaintiff,

v.                                                          Case No. 1:18-cv-97-MW/MJF

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before this Court is the Plaintiff's "Consent Petition for Attorney Fees." (Doc. 28). Plaintiff has certified that Defendant has consented to the payment of $7,400.00 in attorney fees to Plaintiff. (Doc. 28 at 1). For the reasons set forth below, the undersigned respectfully recommends that this unopposed motion be granted.[1]

## I.  Background

On May 30, 2018, Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Social

---

[1] This case has been referred to the undersigned pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of the Local Rules for the U.S. District Court of the Northern District of Florida, which relate to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401 *et. seq.*

Security benefits. (Doc. 1). Upon a consent motion, the undersigned recommended that this case be reversed and remanded to the Commissioner for further proceedings. (Doc. 25). Chief United States District Judge Mark E. Walker accepted the undersigned's report and recommendation, and this case was remanded to the Commissioner for further proceedings. (Doc. 26). Plaintiff states that she was the prevailing party in this litigation and petitions the court for an award of attorney fees of $7,400.00, to be paid to her attorneys pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 28).

## II. Discussion

### A. Eligibility for Award of Fees

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and certain costs against the government, provided: (1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than $2 million; (2) an application for such fees—including an itemized justification for the amount requested—is timely filed within thirty days of the final judgment in the action; (3) the position of the government was not substantially justified; and (4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. *See* 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, there is no disagreement between the parties as to Plaintiff's minimal net worth or her status as a "prevailing party." As to the latter factor, a social security plaintiff who obtains a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)—as Plaintiff did in this case—is a prevailing party, and as such is entitled to attorney fees and expenses under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302-03, 113 S. Ct. 2625, 2632 (1993). Furthermore, the parties do not contest the timeliness of the instant motion for EAJA fees.[1] Additionally, the parties do not dispute—and the court finds—that the Commissioner's position was not substantially justified (*see* ECF No. 25). Finally, the court concludes that no special circumstances make an award unjust, especially considering that the Commissioner agrees EAJA fees should be paid in this case. Accordingly, an award of fees is appropriate.

---

[1] As the Commissioner has sixty days within which to file an appeal of the district court's decision, a judgment typically becomes final after sixty days—or, in this case, on March 25, 2019—and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also Shalala v. Schaefer*, 509 U.S. at 297-98, 113 S. Ct. at 2629-30 (discussing timeliness of EAJA application); *Myers v. Sullivan*, 916 F.2d 659, 667-72 (11th Cir. 1990) (same). The instant motion for EAJA fees, therefore, is timely.

B. **Amount of the Proposed Award**

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's initial fee calculation was based upon hourly rates of $201.60 for work performed on Plaintiff's behalf in 2018 and 2019, respectively, for a total fee of $7,721.28. The parties agreed to a settlement of $7,400. (*see* Doc. 28 at 2). Having considered Plaintiff's unopposed motion and the representation that the parties agreed to settle for $7,400.00, the court finds that the Plaintiff's motion should be granted.

Although the parties did not provide a detailed calculation that demonstrates how they arrived at the $7,400 amount, this court has reviewed the Plaintiff's time record, the consent motion and agreement to $7,400 as attorney fees, and the record as the whole.

In this district, the typical work time for an attorney seeking review of the commissioner's decision denying benefits is between 20-30 hours. Not surprisingly,

some cases exceed this quantity. *See Jackson v. Astrue*, No. 3:09-cv-218/MCR, 2010 WL 2330269, at *2 (N.D. Fla. May 11, 2010), *affirmed*, 2010 WL 2330246 (N.D. Fla. June 10, 2010); *Marshall v. Astrue*, No. 7:09-cv-33(HL), 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expanded in an EAJA case ranges between twenty (20) and forty (40) hours."); *Patterson v. Apfel*, 99 F. Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (survey of social security disability cases suggests an average range of twenty to forty hours)); *Perkins v. Astrue*, No. 1:09-CV-60 WLS, 2011 WL 7794078, at *2 (M.D. Ga. Oct. 11, 2011); *cf. Lavoie v. Colvin*, No. 14-1352-JWL, 2016 WL 4181323, at *3 (D. Kan. Aug. 8, 2016) (the typical social security appeal requires between 30 and 40 hours); *Hardy v. Callahan*, No. 96-cv-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997); *see also Burleson v. Astrue*, No. C07-2019-RSL, 2009 WL 364115, at *3 (W.D. Wash. Feb. 9, 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours that should be applied regardless of the circumstances."). Thus, "as an initial matter, 38.3 hours in and of it itself is not excessive." *Fisher v. Berryhill*, 2017 WL 1078446, at *2 (N.D. Fla. Feb. 21, 2017).

Additionally, at least one court in this district found that an attorney's hourly rate of $202.89, for work performed on a Social Security case in 2018, was reasonable. *See Pons v. Berryhill*, 5:17-cv-187-EMT (N.D. Fla. Feb. 7, 2019).

Thus, Plaintiff's initial calculations do not appear facially unreasonable. To the extent the parties modified either the hourly rate or the scheduled hours to less than the rate initially proposed, the undersigned concludes that the fee is reasonable. Specifically, assuming that the parties believed that the entire 38.3 hours were compensable under EAJA, the Plaintiff's attorney fees would be reduced from the hourly rate of $201.60 to $193.21, which has been approved by courts in this district. *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (noting that a court is itself an expert on the question of a reasonable hourly rate and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value"); *Perdue v. Colvin*, No. 1:12cv229/GRJ, 2014 WL 345696, at *1 (N.D. Fla. Jan. 30, 2014) (awarding compensation under the EAJA at hourly rates of $184.32 and $186.55 for work performed by counsel in 2012 and 2013, respectively); *Greene v. Colvin*, No. 5:12cv242/MMP/EMT, 2014 WL 518932, at *1-2 (N.D. Fla. Feb. 10, 2014) (awarding compensation under the EAJA at hourly rates of $184.38 and $186.63 for work performed by counsel in 2012 and 2013, respectively).

Alternatively, assuming that the parties agreed that $201.60 is a reasonable hourly rate, then the total hours would be 36.7, which is reasonable in light of the fact that the record in this case was 2,494 pages. Plaintiff used 31 hours to review

the answer and the transcript and drafting and editing the Plaintiff's initial brief. The remaining 6.7 hours included drafting the complaint and supporting documents, drafting a motion to remand, drafting the motion for fees, reviewing various ECF notices, drafting emails to opposing counsel, and communicating with her client. *See Fischer v. Berryhill*, No. 1:14-cv-196-WS-GRJ, 2017 WL 1078446, at * (N.D. Fla. Feb. 21, 2017); *Bowman v. Comm'r of Soc. Sec.*, No. 6:13-cv-614-Orl-31-TBS, 2014 WL 5472453, at *3 (M.D. Fla. Oct. 22, 2014) ("It is not unreasonable for counsel to have spent several minutes reviewing an entry or composing an email to opposing counsel"). Thus, 36.7 compensable hours also seems reasonable under the circumstances.[2]

### C.  **Whether the Award is Payable to Plaintiff or Attorney**

The remaining question concerns to whom the EAJA award is payable. The Supreme Court has held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593, 130 S. Ct. 2521, 2527 (2010); *see also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. *Ratliff*, 560 U.S.

---

[2] In the future, the parties would be well advised to explicitly show how the proposed attorney fee award was calculated. That would greatly assist the reviewing court in assessing the reasonableness of the proposed award.

at 596, 130 S. Ct. at 2528.[3] The award in this case is therefore properly payable to Plaintiff, as the "prevailing litigant," assuming an award remains after any qualifying debts to the United States have been satisfied. This court, however, will recommend that any award be mailed to Petitioner's office, so that Plaintiff and her attorney may mutually implement their fee agreement without this court's involvement.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Petition for Attorney Fees under the Equal Access to Justice Act (Doc. 28), be **GRANTED** as follows:

1. Plaintiff recovers fees in the amount of $7,400.00, for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412 (EAJA). The fee award is subject to an offset to satisfy any qualifying outstanding debt that Plaintiff may owe to the United States.

---

[3] In *Ratliff*, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff purportedly has done in this case (*see* Doc. 28 at 2). *Ratliff*, 560 U.S. at 597, 130 S. Ct. at 2529.

2. If Plaintiff receives all or any portion of the EAJA fee award, it must be mailed to her in care of her attorney, Sarah H. Bohr, 2337 Seminole Road, Atlantic Beach, FL 32233.

3. The clerk of the court be directed to close this case file.

At Panama City, Florida, this 1st day of May 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.